

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-35128 |
| Plaintiff-Appellee, | D.C. Nos. 2:07-cv-00147-RHW |
| v. | 2:03-cr-00016-RHW-1 |
| LADEL BAPTISTE HARRISON, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Robert H. Whaley, District Judge, Presiding

Argued and Submitted May 11, 2017
Seattle, Washington

Before: McKEOWN, BEA, and N.R. SMITH, Circuit Judges.

Harrison appeals the district court's denial of his successive motion to

vacate, set aside, or correct his sentence under 28 U.S.C. § 2255(a). We have

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

jurisdiction under 28 U.S.C. § 2253(a). We reverse and remand with instructions to grant Harrison's successive motion to vacate his sentence.[1]

Harrison argues that his conviction under Washington's second-degree assault statute does not qualify as a "violent felony" under the Armed Career Criminal Act ("ACCA") because Washington's second-degree assault statute is "overbroad" and "indivisible." *See Mathis v. United States*, 136 S. Ct. 2243, 2248–49 (2016); *Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013). We agree.

The government concedes that Washington's second-degree assault statute is "overbroad" because the least egregious means by which an individual can violate the statute—with intent to commit a felony, unlawfully touch another with criminal intent—does not necessarily involve force "capable of causing physical pain or injury." *See* Wash. Rev. Code § 9A.36.021(1)(e); *Johnson v. United States*, 559 U.S. 133, 140 (2010) (holding that the term "physical force" in the ACCA's definition of "violent felony" means "*violent* force—that is, force capable of causing physical pain or injury to another person"). Washington's second-degree assault statute is also "indivisible" because the statute lists alternative means of committing the same offense. *See State v. Smith*, 154 P.3d

---

[1] Because the parties are familiar with the facts, we do not recite them here.

873, 876 (Wash. 2007) (en banc) ("Alternative means crimes are ones that provide that the proscribed criminal conduct may be proved in a variety of ways. As a general rule, such crimes are set forth in a statute stating a single offense, under which are set forth more than one means by which the offense may be committed. Criminal assault is just such a crime.") (citation omitted); *see also Mathis*, 136 S. Ct. at 2256 ("[A] state court decision definitively answers the [divisibility] question . . . ."). Because Washington's second-degree assault statute is "overbroad" and "indivisible," Harrison's conviction under that statue does not qualify as a "violent felony" under the ACCA. *See Descamps*, 133 S. Ct. at 2283. Therefore, Harrison lacks the third predicate offense necessary to justify the sentence enhancement he received under the ACCA. *See* 18 U.S.C. § 924(e)(1).

Harrison has already served more than ten years—the maximum sentence he could have received for his conviction under 18 U.S.C. § 922(g) without an ACCA sentence enhancement. *See* 18 U.S.C. § 924(a)(2) ("Whoever knowingly violates subsection [(g)] of section 922 shall be fined as provided in this title, imprisoned not more than 10 years, or both."). Therefore, we instruct the

3

district court to order Harrison's immediate release.[2] The mandate shall issue

forthwith.

**REVERSED and REMANDED.**

---

[2] We also grant Harrison's motion to strike the Supplemental Excerpts of Record. *See* Ninth Circuit Rule 17-1.5 ("The excerpts of record shall not include briefs or other memoranda of law unless necessary to the resolution of an issue on review, and shall include only those pages necessary therefor."); Fed. R. App. P. 30(a)(2) ("Memoranda of law in the district court should not be included in the appendix unless they have independent relevance.").